**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Nov 05 2014, 10:33 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**DALE W. ARNETT**
Winchester, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**FRANCES BARROW**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DAVID JOHNSON and IEVA S. JOHNSON
and EVA G. SANDERS and JOSEPH K. and
MICHELLE YEARY,

    Appellants-Petitioners,

vs.

INDIANA DEPARTMENT OF
ENVIRONMENTAL MANAGEMENT and
TOWN OF WHITESTOWN,

    Appellees-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.  06A05-1310-PL-506

APPEAL FROM THE BOONE CIRCUIT COURT
The Honorable J. Jeffrey Edens, Judge
Cause No. 06C01-1302-PL-148

**OPINION ON REHEARING - NOT FOR PUBLICATION**

**ROBB, Judge**

David Johnson, Ieva S. Johnson, Eva G. Sanders, Joseph K. Yeary, and Michelle Yeary (collectively, "Appellants") have petitioned for rehearing of this court's memorandum decision in Johnson v. Indiana Dept. of Envtl. Mgmt., No. 06A05-1310-PL-506, (Ind. Ct. App., Aug. 20, 2014). We grant the petition to address Appellants' assertion that our decision incorrectly applied the standard of review.

As explained in Johnson, the trial court dismissed Appellants' appeal of an administrative agency decision because the Town of Whitestown, a party to the agency action, was not served with a summons. Appellants argued before the trial court and on appeal that the lack of service was the product of a clerical error attributable to the Boone County Clerk's Office. We affirmed the trial court, holding that Johnson procedurally defaulted his claim by failing to serve all necessary parties as required by the Administrative Orders and Procedures Act. Our decision set out the following standard of review:

> The standard of appellate review of ruling on motions to dismiss on the grounds presented here depends on whether the trial court resolved disputed facts, and if so, whether the trial court conducted an evidentiary hearing or ruled on a paper record. When the facts are in dispute, as here, our standard of review focuses on whether the trial court engaged in its fact-finding function and held an evidentiary hearing. When the facts are in dispute but

> the trial court rules on a paper record without an evidentiary hearing, we afford the trial court no deference. <u>We therefore employ a de novo review</u>.

<u>Id.</u>, slip op. at 3-4 (citations and quotation marks omitted) (emphasis added). However, at the close of our opinion, after recounting the facts favorable to the trial court's decision, we dismissed Appellants' "clerical error" argument by stating it "amounts to a request to reweigh the evidence." <u>Id.</u> at 6. Simply stated, we gave deference to the trial court's view of the facts when none was owed.

Appellants are correct in their assertion that we faltered in adhering to a de novo standard of review. That said, our view of the facts and the paper record before us reflects the view of the trial court. The evidence relied on by Appellants to show a possible clerical error is an affidavit filed by Appellants' attorney in response to the motion to dismiss, in which the attorney stated that he prepared two summonses and that when he paid the filing fee "it was [his] understanding that IDEM and Whitestown were both going to be served a summons." Appellants' Appendix at 39. This is belied by other evidence in the record.

The chronological case summary is devoid of any indication that Whitestown was to be served,[1] and in fact, Whitestown did not receive a summons. Even more convincing are the facts that Whitestown was not listed as a party in the caption of Appellants' Verified Petition for Judicial Review, <u>id.</u> at 57, and the filing fee of $139 paid by Appellants was the precise amount required to serve a <u>single</u> summons. <u>See id.</u> at 17-18. Appellants' own affidavit admits that the attorney "paid the filing fee in case [sic] of

---

[1] The chronological case summary noted "SUMMONS issued," as opposed to the plural "summonses." <u>See</u> Appellant's App. at 3.

3

$139," id. at 39, which was an amount insufficient to issue a summons to an additional party. Because we believe the evidence in the record shows that Appellants' failed to serve all necessary parties as required by the Administrative Orders and Procedures Act, we again affirm the trial court's dismissal of Appellants' petition for judicial review.

BRADFORD, J., concurs.

RILEY, J., would deny rehearing.